UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-21863-CIV-TORRES

MILAGROS RAMIREZ,

        Plaintiff,

vs.

JOSE M. MARTINEZ,

        Defendant.

_____/

**ORDER ON DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT**

This matter is before the Court on Defendant's Motion to Dismiss the Complaint. [D.E. 5]. The Court has reviewed the motion, Plaintiff's response, the reply and the record in the case. For the foregoing reasons the motion to dismiss is denied in part and granted in part without prejudice.

## *I.  BACKGROUND*

Plaintiff Ramirez ("Plaintiff") filed this action seeking unpaid minimum wages. Plaintiff worked for Defendant Martinez ("Defendant") as a live in domestic service worker from September 2007 to June 2008. Plaintiff alleges Defendant paid, on average, a hourly wage below the legally mandated rate during his employment.[1] Plaintiff seeks redress under: (1) the Fair Labor Standards Act, 29 U.S.C. §§ 201-219;

---

[1]    Pursuant to 29 U.S.C. § 213 (b) (21), live in domestic service workers are exempt from receiving overtime pay.

and (2) the Florida Constitution Article X, Section 24.  Defendant now moves to dismiss both counts[2] of the Complaint. [D.E. 5].

## II.  ANALYSIS

The purpose of a motion filed pursuant to Fed. R. Civ. P. 12(b)(6) is to test the facial sufficiency of a complaint.  The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted.  It should be read alongside Fed. R. Civ. P. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Pursuant to *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007), to survive a 12(b)(6) motion to dismiss, a complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do."  *Berry v. Budget Rent A Car Systems, Inc.*, 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting *Twombley*, 127 S. Ct. at 1964-65).

Taking the facts as true, a court may grant a motion to dismiss only if no construction of the factual allegations will support the cause of action.  *Berry*, 497 F. Supp. 2d at 1364 (citing *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).  A well-pled complaint will survive a motion to dismiss

---

[2]     Plaintiff's complaint is not arranged by counts; however, Plaintiff seeks redress under federal and state law.  For convenience, the Court has separated each into counts.

"even if it strikes a savvy judge that actual proof of these facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 127 S. Ct. at 1965 (internal citation omitted).

### A.    *Fair Labor Standards Act Claim*

Plaintiff seeks relief under the Fair Labor Standards Act ("FLSA") for unpaid minimum wages.  Congress enacted the FLSA to protect all covered workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728, 739 (1981); 29 U.S.C. § 202(a).  The Act is designed to ensure that each employee covered by the Act would receive "[a] fair day's pay for a fair day's work. . . ." *Id.* at 739.  Domestic service workers are included under the FLSA as nonexempt employees.  29 U.S.C. § 206(f).  This section states, in pertinent part, that any employee "employed in domestic service in a household shall be paid wages at a rate not less than the wage rate in effect... ." *Id.* § 206(f).  The Department of Labor defines domestic service employment as "services of a household nature performed by an employee in or about a private home . . . of the person by whom he or she is employed.  The term includes employees such as cooks, waiters, butlers, maids, *housekeepers*, laundresses, gardeners and the like." 29 C.F.R. § 552.3 (1975) (emphasis added).

Plaintiff alleges that he qualifies as a domestic service employee under the FLSA [D.E. 1 at 9].  Specifically, Plaintiff alleges he was assigned duties of "housecleaning and taking care of the Defendant's elderly parents."[3] [D.E. 1 at 9]. As

_____

[3]      In Plaintiff's Complaint, Plaintiff alleges his employment affects interstate commerce because he used or parked cars while working for the Defendant

the definition of a domestic service employee includes housekeeper and Plaintiff alleges he provided housecleaning, Plaintiff's Complaint sufficiently pleads he worked as a domestic service employee.

Defendant asserts, however, that Plaintiff is exempt from the FLSA's protection as a companionship service provider. [D.E. 5]. Over time, Congress has amended the FLSA to refine or add to its exemptions and to clarify the minimum wage. In 1974, Congress passed amendments exempting from the minimum wage persons "employed in domestic service employment [who] provide companionship services to individuals who (because of age of infirmity) are unable to care for themselves." 29 U.S.C. § 213 (a) (15).[4] Interpreting this exemption, the Department of Labor defined companionship services as:

> those services which provide fellowship, care, and protection for a person who, because of advanced age or physical or mental infirmity, cannot care for his or her own needs. Such services may include household work related to the care of the aged or infirm person such as meal preparation, bed making, washing of clothes, and other similar services. They may also include the performance of general household work: *Provided, however, that such work is incidental i.e. does not exceed 20 percent of the total weekly hours worked.*

[D.E. 1 at 9]. This is unnecessary. Pursuant to the concluding sentence of FLSA Sec 2(a), domestic service workers are subject to the Act. "The Congress further finds that the employment of persons in domestic service in households affects commerce." See DOL Field Operations Handbook, 11d00; 29 C.F.R. § 552.2.

[4]    29 U.S.C. § 213 begins with: "[t]he provisions of section 206 (except subsection (d) in the case of paragraph (1) of this subsection) and section 207 of this title shall not apply with respect to - ." While mentioned in Plaintiff's Response Motion [D.E. 6 at paragraph C], 29 U.S.C. § 206 (d)(1) is inapplicable to this case insofar as it deals with the prohibition of sex discrimination. Furthermore, section 207 is inapplicable as it only pertains to overtime pay. *See* footnote 1.

C.F.R § 552.6 (1975) (emphasis added).   Furthermore, the Department of Labor emphasized that the companion "must perform the services with respect to the aged or infirm persons and not generally to other persons."  29 C.F.R. § 552.106 (1975).

Reading these statutes and regulations together, this exemption applies only where employees provide fellowship, care and certain daily maintenance services for the aged or infirm with only an incidental benefit to the household, i.e. not more than 20% of work may be allocated to the general household.   While Plaintiff alleges working, on average, 105 hours per week, the precise amount of time spent on each service is unknown from the face of this complaint. [D.E. 1 at 10].   Yet Defendant argues that because his elderly parents are 97 and 104 years old – facts which are not found in the complaint nor any other record evidence in the case – Plaintiff must have spent the majority of his time tending to their needs. [D.E. 5].   That conclusion, of course, is not possible for us to make on a motion to dismiss.

Moreover, even assuming that these facts could not be disputed, there is still a plausible factual basis for Plaintiff to show that she spent greater than 20% of his time conducting non-companionship services.   At the very least, where inferences must be drawn in Plaintiff's favor, we should not dispose of this largely factual question on the pleadings and without the benefit of factual development.

Lastly, Defendant points to the Supreme Court decision, *Long Island Care at Home, Ltd. v. Coke.*, 127 S. Ct. 2339 (2007), to support his argument that Plaintiff is a companionship service provider and exempt from a FLSA claim. [D.E. 5].   However, *Long Island Care* dealt with third party employers and was silent as to the 20% general household work issue.  *Id.* at 2345.  But we need not definitively address *Long*

*Island's* application to the facts in this case where the record has not been developed. We can reconsider the case's relevance, if necessary, at the summary judgment or trial stage of the case.

Therefore, based on our analysis of the controlling statutes and regulations, the motion to dismiss must be Denied.  Plaintiff has sufficiently plead his claim of unpaid minimum wages for hours worked and a further accounting of Plaintiff's services is necessary.[5]

### B.    *Florida Constitution Claim*

In the second claim for relief ("Count II") alleged in the complaint, Plaintiff seeks redress under the Florida Constitution.  In 2004, the citizens of Florida voted to amend the Constitution and passed Article X, Section 24, guaranteeing their rights to minimum wages.  The amendment, in and of itself, permits an aggrieved employee to bring a civil action against their employer.  Fla. Const. Art. X, § 24(e).  Additionally subsection 24(f) of the amendment states that while, "implementing legislation is not required in order to enforce this amendment . . . the state legislature may by statute . . . adopt any measures appropriate for the implementation of this amendment." Fla. Const., Art. X, § 24 (f).  Therefore, while the amendment is self-executing and provides for a remedy, the amendment contemplates implementing legislation.

---

[5]        The companionship analysis also applies to Count II because the exemption provisions from the FLSA are incorporated into the Florida minimum wage laws.  *See* Fla. Stat. § 448.110 (3); Fla. Const., Art. X, § 24(f).

Thereafter, the Florida legislature enacted Fla. Stat. § 448.110 (2005) adding, among other things, a 15-day presuit notice requirement. Specifically, the statute requires that:

> the person aggrieved shall notify the employer . . . of an intent to initiate such an action. The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of notice.

Fla. Stat. § 448.110 (6)(a) (2005). After receiving notice, an employer has 15 days to resolve the matter before the aggrieved employee may file an action. *Id.* § 448.110 (6)(b).

Defendant moves to dismiss this count because Plaintiff failed to send notice. [D.E. 5]. The complaint does not allege that statutory notice was provided, nor generally that all conditions precedent to the cause of action have been met. Indeed, Plaintiff's response acknowledges that no pre-suit notice was provided. [D.E. 6 at 2]. Plaintiff argues instead that this Court should follow the holding in *Throw v. Republic Enterprise Systems, Inc.*, No. 8:06-cv-724-T-30TBM, 2006 WL 1823783 (M.D. Fla. Jun. 30, 2006). *Throw* held that the notice provision of the implementing statute was unconstitutional for restricting a right guaranteed by the Florida Constitution. *Id.* at *2. The Middle District, while acknowledging the close call, reasoned that although the constitutional amendment provides for implementing legislation the implementing legislation cannot trump the self-executing right specifically granted in Art. X, § 24(e). *Id.* And where the notice provision of Fla. Stat. § 448.110 (6) added an additional requirement onto this existing and self-enforcing constitutional right, *Throw* held it

unconstitutional. *Id.* Thus, the court held that compliance with the statutory notice provision is not required to sustain a claim under Art. X, § 24 of the Florida Constitution. *Id.*

Plaintiff, however, also acknowledges in his Response that *Resnick v. Oppenheimer & Co. Inc.*, No. 07-80609, 2008 WL 113665 (S.D. Fla. Jan. 8, 2008) (Marra, J.) conflicts with *Throw*. [D.E. 6 at B]. This Court in *Resnick* respectfully disagreed with the Middle District and upheld the validity of the statutory 15-day notice requirement. *Id.* at *3. Judge Marra found that the clauses of Art. X, §24(f) did not conflict and allowed the legislature to pass an implementing statute. *Id.* at *2. "[T]he fact that an individual has a constitutionally guaranteed ability to enforce a right does not mean that the legislature is categorically barred from regulating the method of that enforcement when such regulation is permitted on the face of the constitutional provision." *Id.* at *3. Furthermore, where the 15-day notice did not "prevent an individual from enforcing his rights under the Florida Constitution" the notice requirement was valid. *Id.*

While neither case is binding precedent, *see Fox v. Acadia State Bank*, 937 F.2d 1566, 1570 (11th Cir. 1991), this Court must, respectfully, disagree with the analysis of the court in *Throw*. We instead agree with the conclusion reached in *Resnick,* and later followed in *Dominguez v. Design by Nature Corp.*, No. 08-20858-Civ, 2008 WL 4426721 (S.D. Fla. Sept. 25, 2008).

First, as *Resnick* explained, Art. X, § 24(f) expressly contemplates implementing legislation. The implementing legislation, Fla. Stat. § 448.110(6)(a), supplements

rather than restricts an aggrieved employee's constitutional right to minimum wages. And there is nothing in § 24(f) that forecloses the legislature's ability to implement reasonable procedures to comply with the constitutional mandate. Under Florida law, before a statute fails constitutional muster, it must violate an expressly or implied constitutional mandate. *See Holley v. Adams*, 238 So. 2d 401, 205 (Fla. 1970). This notice provision does not rise to such a level as Art. X, Section 24(f) expressly permits implementing legislation, and that legislation merely augments the constitutional right, rather than expressly or impliedly violating it.

Second, the 15-day notice does not impose any material or undue burden on a plaintiff. Generally, the notice requirement provides a simple, efficient and inexpensive avenue for an employee to voice a grievance to an employer. Likewise, it informs an employer of the *gravitas* of the situation and provides information permitting resolution of the matter before reaching formal litigation. Thus, the statutory notice requirement promotes the constitutional mandate of guaranteeing Florida workers a minimum wage. After all, the constitutional provision in question is a substantive right, not so much a procedural entitlement to a certain form of legal remedy. That substantive right is undoubtedly furthered if an employer, having received the required notice, settles the employee's grievance in short order. In other words, pre-suit notice, by itself, is not depriving that employee from the benefits of the constitutional guarantee.

Third, pre-suit notice provisions are common. A brief survey of Florida statutes reveals several well-recognized examples, including: Fla. Stat. § 766.106(3) (requiring 90-day notice to file a medical malpractice claim); Fla. Stat § 770.01 (requiring a 5-day

notice before commencing a suit in libel or slander); Fla. Stat § 400.0233 (3)(a) (requiring 75-day notice to file a violation of resident's rights or negligence action in a nursing home); and, Fla. Stat § 768.28 (6) (requiring notice to agency for waiver of sovereign immunity).    Generally, these notice provisions serve a rational and legitimate legislative purpose without burdening a plaintiff's rights, and have survived similar constitutional challenges.

For instance, the policy behind the medical malpractice pre-suit notice requirement is "to require parties to engage in meaningful presuit  investigation, discovery, and negotiations, thereby screening out frivolous lawsuits and defenses and encouraging the early determination and prompt resolution of the claims." *Kukral v. Mekras*, 679  So. 2d 278, 284 (Fla. 1996).  That statute does not unduly burden or impair a patient's constitutional right of access to the courts. *Id.*

Here, § 448.110(6) serves an analogous function.   While the period is considerably shorter (and thus far less prejudicial to the plaintiff eager to get her day in court), the Legislature made a policy judgment that that 15 days is sufficient time to apprise each party of enough information to resolve such claims without delay. Furthermore, the statute incorporates a tolling provision to avoid any statute of limitation issues that may be in fact impair an employee's ability to ultimately seek judicial relief. Fla. Stat. § 448.110 (6)(b) (2005). *Kukral's* reasoning, therefore, is even more easily applied here where the burden on the potential plaintiff is minimal.

Finally, even if a pre-suit notice requirement could be drafted in a manner that impaired the constitutional mandate here, this particular provision does not do that. The 15-day period is not a significant delay, does not give rise to any tangible injury

or prejudice to an employee, and promotes a compelling state interest – encouraging swift resolution and compliance with the constitutional amendment.

Accordingly, in light of *Resnick* and the foregoing reasons, this Court holds that Fl. Stat. § 448.110 (6) is valid and enforceable. It is not an unconstitutional infringement on an employee's rights provided for in Art. X, §23(e). Therefore, the right to recover unpaid minimum wages is properly conditioned upon the aggrieved employee's compliance with the 15-day notice requirement of Fla. Stat. § 448.110(6). There is no factual dispute here that Plaintiff failed to comply with the notice requirement. Accordingly, Defendant's motion to dismiss Count II must be Granted. However, as the statute of limitations has not run, Count II must be dismissed without prejudice. Plaintiff is granted thirty (30) days leave to amend his complaint to comply with the presuit notice requirement.

### III.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED**:

1.      Defendant's Motion to Dismiss "Count I" of the Complaint [D.E. 5] under the Fair Labor Standards Act is DENIED.

2.      Defendant's Motion to Dismiss "Count II" of the complaint for failing to give notice pursuant to Fla. Stat. § 448.110(6) is GRANTED. Any claim for relief under Florida's Constitution or Minimum Wage Statute is DISMISSED WITHOUT PREJUDICE.

3.      An Amended Complaint may be filed in thirty (30) days that complies with § 448.110(6).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of

January, 2009.

EDWIN G. TORRES
United States Magistrate Judge